Francis T. Murphy, J.
In this article 78 proceeding, petitioners seek an order reviewing and annulling the resolution of the respondent, Board of Estimate of the City of New York, containing the approval of said body of a report of the respondent City Planning Commission, of a plan and project for certain new housing in the Sheepshead Bay area of the Borough of Brooklyn, City of New York. Moreover, petitioners seek injunctive relief against the respondents ’ taking any action based upon said approval.
Petitioners’ status as owners of affected real property is clear and uncontested. So, too, the factual background of the instant controversy is, in the main, a matter of public record and the conflicting viewpoints which have given rise to this controversy were a matter of extensive reporting in the press. In brief, the project affected by this proceeding is one of a series of low-income housing projects of relatively small size, which the city administration sought to place at scattered sites in primarily middle-income areas throughout the city. It is, of course, not this court’s function to weigh the merits of that housing policy which has been the subject of extensive discussion. However, this proceeding is not based upon a claim that the policy is ill-founded from the point of view of a city planner or sociologist, but, rather that the proceedings leading up to the approval were not in compliance with applicable statutes. The primary question raised is whether the resolution adopted by the respondent Board of Estimate was properly enacted, inasmuch as, on that vote of the board, 14 votes were cast in favor of the proposal and 8 in opposition. It is uncontested that under section 150 of the Public Housing Law, if the planning commission of the applicable municipality has issued a report of conditional or qualified approval of the proposed project and plan, the local legislative body may approve the project only by a three-fourths vote. On the other hand, if the local planning commission has issued a report of unqualified approval, only a majority vote is required.
In the instant case, the respondent Board of Estimate is the local legislative body referred to in the statute and the respondent City Planning Commission, the planning commission therein referred to. As is evident from the recapitulation of the vote *1061 above given, less than a three-fourths majority vote was cast in favor of the plan and project.
Petitioners claim that the report of the City Planning Commission preceding the vote was not one of unqualified approval under section 150 of the Public Housing Law, and, therefore, the three-fourths vote in favor required not having been cast, the action of the Board of Estimate was ineffective.
During the course of the development of the plan and project, the New York City Housing Authority, the local authority charged with development thereof, had, in July, 1967, applied to the City Planning Commission, as required under law, for approval of the plan and project developed by it. Then, in October, 1967, the City Planning Commission adopted a report which the Board of Estimate, in the resolution herein attacked, described as one of 1 ‘ qualified approval ’ ’ and one 1 ‘ conditioned ” upon later approval of the design plan by the City Planning Commission. This court is not, of course, bound by the characterization of the Board of Estimate as to the nature of the approval or the report of the City Planning Commission. If examination thereof discloses that it was not qualified or conditioned, the use of those words in the Board of Estimate’s resolution is not determinative of this proceeding. After said report of the City Planning Commission, further development and modification of the plan and project were made by the City Housing Authority. In the final report of the City Planning Commission, contained under the heading, ‘ ‘ Findings and Approval ’ ’, it is stated:
11 The Commission finds that the Plan and Project for the proposed development, the Sheepshead Bay Area (I and II) modified as hereinabove described conform to the Commission’s general plan for the City’s future growth and the relevant parts of the Master Plan as so far adopted.
6 ‘ The City Planning Commission approves, pursuant to Section 150 of the New York State Public Housing Law, the Plan and Project modified as hereinabove described for the public housing project tentatively designated as the Sheepshead Bay Area I and the Sheepshead Bay Area II, Borough of Brooklyn.”
While the preceding sentence of the report states that the approval of the Housing Authority’s plan for the City Planning Commission “ is conditioned upon approval of the design plans by the City Planning Commission prior to the start of construction ’ ’, it is not what the Planning Commission intended, but what, in fact, they did that is controlling here. What they did in the quoted language was approve the plan pursuant to section 150 of the Public Housing Law. Moreover, it appears *1062 that prior to the placing of the matter on the calendar of the Board of Estimate, the modifications recommended by the Planning Commission were adopted by the Housing Authority and, accordingly, when the matter was submitted to the Board of Estimate, it was not presented with a qualified or conditional approval. Paced with the report of the Planning Commission as promulgated, there were no conditions or qualifications attached for the Board of Estimate to consider, and absent same, no need arose for a three-fourths majority vote of approval.
The legislative history behind the requirement of such a vote of approval indicates clearly that the three-fourths majority vote provision was enacted to empower the Board of Estimate to override modifications or conditions attached to plans and projects imposed by the City Planning Commission and not by the originator of the plan and project. Presented with the plan and project herein, there was no such modification or condition imposed upon which to act.
Under the circumstances presented, at most, if petitioners prevail, the matter would have to be resubmitted to the City Planning Commission, which would then approve same because the original recommendations made by it to the City Housing Authority had been incorporated in the plan, and then it would have to be resubmitted to the Board of Estimate. Adherence to technicalities and formalities should not reach the level of requiring such time-wasting effort. It is clear that the statutes at issue were designed to afford the Board of Estimate an opportunity to act where there were disagreements between the originator of the plan and project and the City Planning Commission. In this case, no such disagreements existed. The petition is dismissed.